UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CONNER GREEN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 25-cv-06704-WHO<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR EX PARTE AND NOTICE REQUESTING FOR RESTRAINING ORDER**<br><br>Re: Dkt. No. 56 |

Pro se plaintiff James Conner Green ("Mr. Green" or "plaintiff") has filed a motion seeking a temporary restraining order ("TRO") against numerous individuals, including "all person's whom have impersonated law enforcement in-direct view" of him, "all private security companies he has been forced to affiliated with," "all churches he has been associated to in the past," "every company & commercial-real estate property [he] has ever visited," and the "person he stayed in emergency-shelter with." Motion for Ex Parte and Notice Requesting for Restraining Order ("Mot."), Dkt. No. 56, at 1–2. For the reasons stated below, plaintiff's motion is **DENIED.**

The substantive standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A TRO, as with any preliminary injunctive relief, is an "extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking a TRO must show that (1) they are "likely to succeed on the merits," (2) "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tip[] in [their] favor," and (4) "an injunction is in the public interest." *Id.* at 20.

Mr. Green's request for emergency relief cannot be granted for three reasons. First, his

1  motion does not comply with the Federal Rules of Civil Procedure. A TRO may be only granted
2  without written or oral notice to the adverse party when (1) "specific facts in an affidavit or a
3  verified complaint clearly show that immediate and irreparable injury, loss, or damage will result
4  to the movant before the adverse party can be heard in opposition," and (2) "the movant's attorney
5  certifies in writing any efforts made to give notice and the reasons why it should not be required."
6  Fed. R. Civ. P. 65(b)(1). Mr. Green does not appear to have provided written or oral notice to the
7  defendant about this motion, triggering Rule 65(b)(1)'s heightened standard. But his motion does
8  not explain why notice is not necessary in this case, nor does he allege specific facts showing how
9  "immediate and irreparable injury" could occur prior to allowing the defendant an opportunity to
10 be heard. *See id.*; Mot. at 1–2. Accordingly, Mr. Green has failed to adhere to Rule 65(b)(1) in
11 filing his motion.

12       Second, Mr. Green has not explained how his circumstances warrant issuance of the
13 extraordinary emergency relief he seeks. In fact, his motion does not allege *any* irreparable harm
14 that may occur should relief be denied. *See Winter*, 555 U.S. at 20. While Mr. Green alludes to
15 having been "molested, harrassed, bulleyed, & assaulted" by private security companies in the
16 past, TROs focus on prospective, rather than retrospective, harm. Mot. at 1; *see Caribbean*
17 *Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (explaining how plaintiffs must
18 demonstrate "immediate threatened injury as a prerequisite to preliminary injunctive relief").
19 Because Mr. Green does not argue or suggest that this conduct will occur again in the imminent
20 future, no "irreparable harm" can be inferred from his motion. *See id.*; *Winter*, 555 U.S. at 20.
21 And with no irreparable harm to be inferred, it is impossible to conclude that he is likely to
22 succeed on the merits of his claim. *See id.*

23       Finally, Mr. Green's request is impermissibly broad in scope. TROs may only bind the
24 parties to a case, their "officers, agents, servants, employees, and attorneys," or "other persons
25 who are in active concert or participation" with the parties. Fed. R. Civ. P. 65(d). Mr. Green
26 appears to seek relief from "all person's whom have impersonated law enforcement in-direct
27 view" to him, "all private security companies he has been forced to affiliated with," "all churches
28 he has been associated to in the past," "every company & commercial-real estate property [he] has

ever visited," and the "person he stayed in emergency-shelter with." Mot. at 1–2. He has failed to show how these individuals are "officers, agents, servants, employees, and attorneys" or "other persons who are in active concert or participation" with the defendant in this case, the United States of America. *See id.*; Fed. R. Civ. P. 65(d).

Mr. Green's TRO request is **DENIED**. He is reminded that an amended complaint must be submitted to the Court by October 2, 2025 to avoid dismissal without prejudice. *See* Dkt. No. 32. His amended complaint should clearly identify each specific claim he seeks to assert and provide a short and concise summary of the facts supporting each claim. I cannot rule on Mr. Green's other motions until an amended complaint has been filed. *See* Dkt. Nos. 46, 47, 49, 53, 57, 58.

**IT IS SO ORDERED.**

Dated: September 18, 2025

William H. Orrick
United States District Judge